## Wallace, Appellant, *v.* The Trustees of the General Assembly of the United Presbyterian Church of North America.

*Practice, Supreme Court—Assignments of error—Defective assignments.*

An appeal will be quashed where the assignments of error fail to set forth in totidem verbis the orders or findings of which complaint is made.

Submitted Oct. 9, 1916.    Appeal, No. 35, Oct. T., 1916, by plaintiff, from order of C. P. Allegheny Co., June T., 1898, No. 581, refusing attachment for contempt of court, in case of Rev. J. R. Wallace v. The Trustees of the General Assembly of the United Presbyterian Church of North America, a Corporation organized and incorporated under the Laws of the State of Pennsylvania. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ.    Appeal quashed.

Petition for rule to show cause why defendants should not be attached for contempt of court.    Before SHAFER, J.

From the record it appeared that plaintiff had been pastor of the United Presbyterian Church of Jamestown, Pennsylvania; that he had been removed from said pastorate by the Lake Presbytery, his immediate ecclesiastical superior, and that the action of the Lake Presbytery was sustained by the appellate courts of the United Presbyterian Church.    Thereafter plaintiff filed a bill in equity against the Trustees of the General As-

sembly of the United Presbyterian Church, the court of last resort, to obtain his reinstatement in his pastorate and a decree was entered in accordance with the prayer of the bill in 1902.   Thereafter plaintiff resigned his pastorate, but a month later withdrew his resignation and in February, 1913, petitioned for a rule to show cause why defendants should not be attached for contempt of court for failing to restore plaintiff to his pastorate in Jamestown.

The court discharged the rule.   Plaintiff appealed.

*Errors assigned,* were as follows:

(1)  The court erred in finding no contempt.

(2)  The court erred in finding no duress.

(3)  The court erred in finding that if he did find in favor of petitioner the court was unable to see how it would avail the petitioner.

(4)  The court erred in finding that plaintiff acquiesced in duress.   If he did then there must have been duress. But the memoranda show the withdrawal of that forced resignation and the whole case shows plaintiff's resistence of the disorderly proceedings of the church courts. And the duress has never ceased.

*J. R. Wallace,* propria persona, submitted for appellant.

*S. S. Mehard* and *John B. McBride,* submitted for appellee.

PER CURIAM, January 8, 1917:

This appeal is groundless.   The appellant would open litigation long since ended.   Even if there were any merit in his appeal it would have to be quashed, for his assignments of error are in disregard of our rules, and meaningless.

Appeal quashed.